UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELIJAH BURKS,<br><br>      Petitioner,<br><br>      v.<br><br>THE UNITED STATES OF AMERICA,<br><br>      Respondent. | Case No. 23–cv–04082–ESK<br><br>OPINION |

**KIEL, U.S.D.J.**

    **THIS MATTER** comes before the Court on petitioner Elijah Burks's two motions to correct a clerical error pursuant to Federal Rule of Criminal Procedure 36 (Rule 36 Motions). (ECF Nos. 10, 18.) Respondent United States opposes the Rule 36 Motions. (ECF No. 14.) For the following reasons, I will deny the Rule 36 Motions.

### I.   FACTS AND PROCEDURAL HISTORY

    On September 20, 2011, petitioner waived his right to an indictment and pleaded guilty to a one–count information charging him unlawful possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1). *United States v. Burks*, No. 11–cr–00627 (D.N.J. Sept. 20, 2011) (Criminal Case) (ECF Nos. 11, 17.)[1] On April 27, 2012, District Judge Noel L. Hillman sentenced petitioner to a term of 108-months' imprisonment, to be served consecutively to his state sentence from the New Jersey Superior Court, Camden County, Indictment #09–05–1865. (Criminal Case ECF No. 23 p. 2.) Judge Hillman also imposed

---

[1] I take judicial notice of the public filings in petitioner's criminal case.

a three-year period of supervised release. (*Id.* p. 3.) Petitioner began his supervised release on September 13, 2021. (Criminal Case ECF No. 34 p. 1.)

On March 28, 2022, the Probation Office filed a petition asking the Court to issue a warrant because petitioner had been arrested on another offense in Camden County on March 26, 2022. (*Id.*) Judge Hillman issued an arrest warrant on March 28, 2022. (Criminal Case ECF No. 35.) On May 18, 2023, Judge Hillman conducted a hearing, at which time petitioner pleaded guilty to the violation. (Criminal Case ECF No. 51.) Judge Hillman revoked petitioner's supervised release on June 15, 2023 and sentenced him "to be imprisoned for a term of 24 months which shall run consecutively to his 364 day custodial sentence imposed … in N.J. Superior Court, Camden County on June 9, 2023 under Docket Number CAM–22–000990–001." (Criminal Case ECF No. 53 p. 2.)

On July 31, 2023, petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 alleging that he would not have pleaded guilty to the supervised release violation if he had known that the federal sentence would be consecutive to his state sentence. (ECF No. 1 p. 3.) Judge Hillman issued a Notice and Order pursuant to *Castro v. United States*, 540 U.S. 375 (2003) informing petitioner that the § 2241 petition would be converted into a motion to correct, vacate, or set aside a federal conviction pursuant to 28 U.S.C. § 2255. (ECF No. 3.) Petitioner was given 45 days to decide if he wanted to proceed with the petition as filed or if he wanted to withdraw the petition and submit additional claims for review. (*Id.* p. 5.) Petitioner did not file a response, so Judge Hillman converted the § 2241 petition into a § 2255 motion (2255 Motion) and ordered the United States to answer. (ECF No. 5.) The United States filed its opposition on January 3, 2024. (ECF No. 9.)

Petitioner filed his first Rule 36 motion on January 29, 2024. (ECF No. 10.) He asked the Court to amend the judgment of conviction "to credit

additional 77 days that [were] not included" in his federal sentence. (*Id.* p. 1.) The United States filed a letter on February 12, 2024 arguing that the Court should deny the Rule 36 motion and allow petitioner to file a new motion in the Criminal Case. (ECF No. 14.) Petitioner subsequently filed the second Rule 36 motion on March 4, 2024. (ECF No. 18.) This matter was reassigned to me on March 26, 2024. (ECF No. 20.)

## II.   LEGAL STANDARD

Federal Rule of Criminal Procedure 36 provides that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Rule 36 allows courts to correct clerical, not substantive errors. *See United States v. Bennett*, 423 F.3d 271, 277 (3d Cir. 2005). "A clerical error involves a failure to accurately record a statement or action by the court or one of the parties." *Id.* (internal quotation marks and citations omitted). The error "must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature." *United States v. Guevremont*, 829 F.2d 423, 426 (3d Cir. 1987) (internal quotation marks and citation omitted). "Rule 36 is normally used to correct a written judgment of sentence to conform to the oral sentence pronounced by the judge." *Bennett*, 423 F.3d at 278.

A *pro se* pleading is held to less stringent standards than more formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A *pro se* habeas petition must be construed liberally. *See Hunterson v. DiSabato*, 308 F.3d 236, 243 (3d Cir. 2002).

### III. DISCUSSION

As noted by the United States, Rule 36 motions are generally filed in the criminal matter, not collateral review proceedings which are civil in nature.[2] (ECF No. 14.) However, I will address the Rule 36 Motions here in light of petitioner's *pro se* status. The Rule 36 Motions fail for three reasons.

First, petitioner has not set forth a valid argument for Rule 36 relief. Petitioner asks the Court to amend the judgment of conviction to credit his federal sentence with 77 days that he alleges were not applied. (ECF No. 18 pp. 1, 2.) This goes beyond correcting a simple clerical error to conform to Judge Hillman's oral sentence; it is amending petitioner's judgment and sentence to include terms that were not set forth at sentencing. This relief is not available in a Rule 36 motion. *See Guevremont*, 829 F.2d at 426; *Bennett*, 423 F.3d at 278; *United States v. Powers*, No. 99–cr–00253, 2021 WL 2850450, at *2 (D.N.J. July 8, 2021) ("[] Rule 36 does not provide a basis to change the internal structure of a sentence.")

Second, I do not have the authority to order the requested relief. "The authority to calculate a federal sentence and provide credit for time served has been delegated to the Attorney General, who acts through the [Federal Bureau of Prisons (Bureau)]." *Goodman v. Grondolsky*, 427 F. App'x 81, 82 (3d Cir. 2011) (citing *United States v. Wilson*, 503 U.S. 329, 333-35 (1992)); *see also* 18 U.S.C. § 3585(b). "[D]istrict courts have no authority to credit time toward a sentence under § 3585(b)—that function rests in the sole authority of the [Bureau]." *Blood v. Bledsoe*, 648 F.3d 203, 206 (3d Cir. 2011). Judge Hillman noted as such during sentencing. (Criminal Case ECF No. 59 p. 29 ("I, of

---

[2] I note that petitioner filed a Rule 36 motion in his criminal matter asking his original judgment of conviction to be amended to reflect jail credit. (Criminal Case ECF No. 25.) Judge Hillman denied that motion on December 15, 2015. (Criminal Case ECF No. 26.)

course, will leave it to the Bureau of Prisons to apply its regulations and the appropriate statutes in computing [petitioner's] release date … .")) Petitioner's dispute over how the Bureau calculated his sentence should have been presented to the Bureau for review via its administrative remedy program and then, if necessary, in a § 2241 petition once he exhausted his administrative remedies. *See Orellana v. Kirby*, No. 16–cv–00754, 2017 WL 3894966, at *2 (D.N.J. Sept. 6, 2017) ("This Court has jurisdiction under § 2241 to consider a claim that the [Bureau] has miscalculated a sentence.")  Again, Judge Hillman mentioned this during sentencing.  (Criminal Case ECF No. 59 p. 22 ("[] I know the Bureau of Prisons has regulations in this regard, and I know primarily because it's often the subject of 2241 habeas petitions … .")  To the extent the Rule 36 Motions are liberally construed to suggest an inconsistency between the oral pronouncement of sentence and the written judgment, petitioner has offered no evidence other than his own misstatement of what the judgment actually says.  Accordingly, petitioner has failed to sustain his burden under Rule 36

Third and finally, petitioner's request for custody credit is moot because he has completed his federal sentence.[3]  According to the Bureau's Inmate Locator, petitioner has been out of Bureau custody since February 27, 2024.[4] Bureau Inmate Locator, *available at* https://www.bop.gov/inmateloc/ (last visited Oct. 30, 2024).  There is nothing left for me to do regarding petitioner's sentence, and courts "are not in the business of pronouncing that past actions

---

[3] The completion of petitioner's sentence does not moot the 2255 Motion, however, because a conviction is presumed to have continuing collateral consequences. *See Sibron v. New York*, 392 U.S. 40, 57–58 (1968).

[4] I also note that petitioner has not kept the Clerk's Office informed as to his current address as required by Local Civil Rule 10.1(a).

which have no demonstrable continuing effect were right or wrong." *Spencer v. Kemna*, 523 U.S. 1, 18 (1998). Therefore, I will deny the Rule 36 Motions.

### IV.    CONCLUSION

For the reasons stated above, I will deny the Rule 36 Motions. An appropriate Order accompanies this Opinion.

                                                      */s/ Edward S. Kiel*
                                                   **EDWARD S. KIEL**
                                                   UNITED STATES DISTRICT JUDGE

Dated: November 7, 2024