UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**ELIJAH BURKS,**

      **Petitioner,**

  v.

**THE UNITED STATES OF AMERICA,**

      **Respondent.**

Case No. 23–cv–04082–ESK

OPINION

**KIEL, U.S.D.J.**

    **THIS MATTER** comes before the Court on petitioner Elijah Burks's motion to correct, vacate, or set aside his federal conviction pursuant to 28 U.S.C. § 2255 (2255 Motion). (ECF No. 1.) He also moves to amend the 2255 Motion. (ECF Nos. 11, 12.)[1] Respondent United States opposes the motions. (ECF Nos. 9, 19.) For the following reasons, I will deny all motions. No certificate of appealability shall issue.

    **I.   FACTS AND PROCEDURAL HISTORY**

    On September 20, 2011, petitioner waived his right to an indictment and pleaded guilty to a one-count information charging him unlawful possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1). *United States v. Burks*, No. 11–cr–00627 (D.N.J. Sept. 20, 2011) (Criminal Case) (ECF Nos. 11, 17.)[2] On April 27, 2012, District Judge Noel L. Hillman sentenced petitioner to a

---

[1] Both documents are docketed as "motions to amend," but the "motion" docketed at ECF No. 12 appears to be the brief in support of the motion. I will refer to both documents collectively as the motion to amend and cite the individual documents where appropriate.

[2] I take judicial notice of the public filings in petitioner's criminal case.

term of 108-months' imprisonment, to be served consecutively to his state sentence from the New Jersey Superior Court, Camden County, Indictment #09–05–1865. (Criminal Case ECF No. 23 p. 2.) Judge Hillman also imposed a three-year period of supervised release. (*Id.* p. 3.) Petitioner filed a motion pursuant to 28 U.S.C. § 2255 challenging his conviction on August 5, 2019; Judge Hillman denied the motion. *Burks v. United States*, No. 1:19–cv–16331, 2020 WL 6144730, at *1 (D.N.J. Oct. 20, 2020).

Petitioner began his supervised release on September 13, 2021. (Criminal Case ECF No. 34 p. 1.) On March 28, 2022, the Probation Office filed a petition asking the Court to issue a warrant because petitioner had been arrested on another offense in Camden County on March 26, 2022. (*Id.*) Judge Hillman issued an arrest warrant on March 28, 2022. (Criminal Case ECF No. 35.) On May 18, 2023, Judge Hillman conducted a violation of supervised release (VOSR) hearing, at which time petitioner pleaded guilty to the violation. (Criminal Case ECF No. 51.) Judge Hillman revoked petitioner's supervised release on June 15, 2023 and sentenced him "to be imprisoned for a term of 24 months which shall run consecutively to his 364 day custodial sentence imposed … in N.J. Superior Court, Camden County on June 9, 2023 under Docket Number CAM–22–000990–001." (Criminal Case ECF No. 53 p. 2.)

On July 31, 2023, petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 alleging that he would not have pleaded guilty to the supervised release violation if he had known that the federal sentence would be consecutive to his state sentence. (ECF No. 1 p. 3.) Judge Hillman issued a Notice and Order pursuant to *Castro v. United States*, 540 U.S. 375 (2003) informing petitioner that the § 2241 petition would be converted into a 2255 Motion. (ECF No. 3.) Petitioner was given 45 days to decide if he wanted to proceed with the petition as filed or if he wanted to withdraw the petition and

submit additional claims for review. (*Id.* p. 5.) Petitioner did not file a response, so Judge Hillman converted the § 2241 petition into the 2255 Motion and ordered the United States to answer. (ECF No. 5.) The United States filed its opposition on January 3, 2024. (ECF No. 9.)

Petitioner filed his motion to amend on February 2, 2024 seeking to add two claims of ineffective assistance of counsel. (ECF No. 11.) He submitted a brief in support on February 5, 2024. (ECF No. 12.) The United States filed a opposition to the motion on March 13, 2024. (ECF No. 19.) This matter was reassigned to me on March 26, 2024. (ECF No. 20.)[3]

## II.   LEGAL STANDARD

### A.   2255 Motions

"A defendant in federal custody may file a motion collaterally attacking his sentence based on certain specifically listed grounds, namely that the sentence was imposed in violation of the Constitution or federal law, that the court was without jurisdiction to impose the sentence, that the sentence exceeded the maximum authorized by law, or that the sentence 'is otherwise subject to collateral attack[.]'" *United States v. Peppers*, 899 F.3d 211, 220 (3d Cir. 2018) (quoting 28 U.S.C. § 2255(a) (alteration in original)). A *pro se* motion and any supporting submissions must be construed liberally and with a measure of tolerance. *See Hunterson v. DiSabato*, 308 F.3d 236, 243 (3d Cir. 2002).

---

[3] Petitioner has completed his federal sentence. According to the Federal Bureau of Prisons' (Bureau) Inmate Locator, petitioner has been out of Bureau custody since February 27, 2024. Bureau Inmate Locator, available at https://www.bop.gov/inmateloc/ (last visited Nov. 7, 2024). The completion of petitioner's sentence does not moot the 2255 Motion, however, because a conviction is presumed to have continuing collateral consequences. *See Sibron v. New York*, 392 U.S. 40, 57–58 (1968). I further note that petitioner has not kept the Clerk's Office informed as to his current address as required by Local Civil Rule 10.1(a).

However, §2255 does not provide a remedy for all trial or sentencing errors. *See United States v. Addonizio*, 442 U.S. 178, 184–85 (1979). "Section 2255 permits relief for an error of law or fact only where the error constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Eakman*, 378 F.3d 294, 298 (3d Cir. 2004) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

### B. Motions to Amend

A habeas petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. §2242. Federal Rule of Civil Procedure 15 permits the amendment of pleadings by leave of court, and such leave "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Whether to permit amendment is left to the discretion of the court, and denial is proper when there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).

## III. DISCUSSION

### A. Motion to Amend

I first consider petitioner's motion to amend. The United States opposes the motion on the grounds that permitting amendment would be futile. (ECF No. 19 p. 2.) I agree and will deny the motion to amend.

Petitioner seeks to add two new claims to his 2255 Motion that allege counsel at the VOSR sentencing, Christopher O'Malley, Esq., provided ineffective assistance of counsel. First, petitioner alleges that O'Malley

4

provided ineffective assistance of counsel when he did not file a notice of appeal challenging the consecutive VOSR sentence and seeking credit "for time served, for being in jail on a state detainer and a federal detainer, which should be concurrent." (ECF No. 12 p. 2.)  Second, petitioner argues that O'Malley should have investigated the application of new case law, *Range v. Attorney General*, 69 F.4th 96 (3rd Cir. 2023), to petitioner's underlying § 922(g) conviction. (*Id.* p. 3.)

It would be futile to allow petitioner to amend the 2255 Motion to include his first new argument because "the Sixth Amendment right to counsel does not extend to revocation proceedings." *Williams v. United States*, No. 19–cv–20511, 2023 WL 4738810, at *12 (D.N.J. July 24, 2023). "The Sixth Amendment right to counsel applies only in a criminal prosecution, and a revocation hearing is an entirely different type of proceeding." *United States v. Owen*, 854 F.3d 536, 541 (8th Cir. 2017) (citing *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972)); *see also United States v. Pelensky*, 129 F.3d 63, 68 n. 8 (2d Cir. 1997) ("Among the fundamental constitutional protections that do not apply in the context of supervised release revocation proceedings [is] the right to counsel.")  "As there is no Sixth Amendment right to counsel at a revocation proceeding, [p]etitioner cannot establish an entitlement to habeas relief" pursuant to § 2255 based on any alleged ineffective assistance stemming from the VOSR proceedings.  *Williams*, 2023 WL 4738810, at *12 (citing *Peery v. Dir., Virginia Dep't of Corr.*, No. 16–cv–00225, 2017 WL 3996429, at *6 (W.D. Va. Sept. 11, 2017) ("[B]ecause Peery had no constitutional right to counsel at his revocation hearing, he necessarily had no right to counsel on appeal from that hearing."))

O'Malley has also declared that he advised petitioner that "the issue of whether the sentence should run consecutively or concurrently with his state sentence … would not be a successful issue to raise on direct appeal." (ECF

No. 19–1 ¶ 5.) He further states that he advised petitioner that petitioner should file a habeas petition "regarding the issue of credit given for his time in custody … after the Bureau of Prisons had made its calculation." [4] (*Id.*) O'Malley states that petitioner never asked him to file a direct appeal. (ECF No. 19–1 ¶ 6.) Petitioner does not allege that he asked O'Malley to file an appeal. For all these reasons, it would be futile to permit petitioner to add this claim to his 2255 Motion.

It would likewise be futile to permit petitioner to add his claim that O'Malley should have researched and argued for the applicability of *Range*, in which the Third Circuit decided that § 922(g) was unconstitutional as applied to a defendant with a false statement conviction, to petitioner's underlying § 922(g) conviction. As previously stated, there is no Sixth Amendment right to counsel during VOSR proceedings. Furthermore, O'Malley would not have been permitted to argue that the § 922(g) conviction was unconstitutional because "the validity of an underlying conviction or sentence may not be collaterally attacked in a supervised release revocation proceeding and may be challenged only on direct appeal or through a habeas corpus proceeding." *United States v. Jones*, 833 F.3d 341, 343 (3d Cir. 2016) (internal quotation marks omitted).

In order to challenge the validity of his underlying conviction using *Range*, petitioner would have had to raise the argument in a § 2255 motion after obtaining permission from the Third Circuit pursuant to 28 U.S.C. § 2255(h)(2) (requiring second or successive § 2255 motions to be certified "by a panel of the appropriate court of appeals to contain a new rule of constitutional law, made

---

[4] As I noted in my opinion denying petitioner's motions filed pursuant to Federal Rule of Criminal Procedure 36, "[p]etitioner's dispute over how the Bureau calculated his sentence should have been presented to the Bureau for review via its administrative remedy program and then, if necessary, in a § 2241 petition once he exhausted his administrative remedies." (ECF No. 21 p. 5.)

retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.")[5]  Most significantly, this argument is futile because the Supreme Court vacated *Range* earlier this year.  *Garland v. Range*, 144 S. Ct. 2706, 2707 (2024) (vacating and remanding for further consideration in light of *United States v. Rahimi*, 144 S. Ct. 1889 (2024)).  Therefore, I conclude it would be futile to permit petitioner to amend his 2255 Motion.  I will deny the motion to amend.

### B.     2255 Motion

Petitioner appears to raise three grounds for relief in his 2255 Motion: (1) the 24-month consecutive sentence imposed by Judge Hillman violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000); (2) the sentence violated the Fifth Amendment's Double Jeopardy prohibition; and (3) that he would not have pleaded guilty if he had known that the VOSR sentence would be consecutive instead of concurrent to his state sentence.  (ECF No. 1 p. 2.)

A district court need not hold an evidentiary hearing on a § 2255 motion if the "motion and the files and records of the case conclusively show" that the petitioner is not entitled to relief.  28 U.S.C. § 2255(b); *see also United States v. Booth*, 432 F.3d 542, 545–46 (3d Cir. 2005).  I find that an evidentiary hearing is not necessary because the record conclusively demonstrates that petitioner is not entitled to relief.

---

[5] This argument would itself be futile because "[a] decision from an appellate court does not have the power to announce a new general rule of constitutional law retroactive on collateral review."  *Betterson v. United States*, No. 24–cv–05719, 2024 WL 2974223, at *2 (D.N.J. June 13, 2024) (citing *Dodd v. United States*, 545 U.S. 353, 357 (2005)).

### 1. *Apprendi* argument

In the 2255 Motion, petitioner states he "'fully accepted responsibility' and was agreeable to 362 Days to run concurrently, with the [VOSR] Sentence, whatever it happened to be and was shocked to Find a 24 Month Sentence, as opposed to 'time served' … ." (ECF No. 1 p. 2.) He appears to allege this violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000). (*Id.* p. 1.) This claim is procedurally barred because it was not raised on appeal. *See United States v. Frady*, 456 U.S. 152, 165 (1982) ("[A] collateral challenge may not do service for an appeal."); *United States v. Braddy*, 837 F. App'x 112, 115 (3d Cir. 2020) ("A § 2255 motion does not function as a second appeal ... ."); *United States v. Travillion*, 759 F.3d 281, 288 n. 11 (3d Cir. 2014) ("[I]ssues which should have been raised on direct appeal may not be raised with a § 2255 motion.") However, this claim is easily denied on its merits.

In *Apprendi*, the Supreme Court held that any fact that increases the penalty for a crime beyond the prescribed statutory maximum, other than the fact of a prior conviction, must be submitted to a jury and proved beyond a reasonable doubt. 530 U.S. at 490. The Third Circuit currently does not apply *Apprendi* to VOSR proceedings. *See United States v. Olinsky*, No. 21–01659, 2023 WL 2945899, at *4 (3d Cir. Apr. 14, 2023) (citing *United States v. Dees*, 467 F.3d 847, 855 (3d Cir. 2006)); *but see United States v. Haymond*, 139 S. Ct. 2369 (2019) (plurality decision invalidating 18 U.S.C. § 3583(k) but declining to decide whether *Apprendi* extends to VOSR proceedings). "Revocation sentences … are 'part of the penalty for the initial offense,' and do not increase the penalty under *Apprendi*." *United States v. Seighman*, 966 F.3d 237, 245 (3d Cir. 2020) (quoting *Johnson v. United States*, 529 U.S. 694, 700–01 (2000)). Therefore, I will deny petitioner's *Apprendi* claim.

### 2. **Double Jeopardy Claim**

To the extent petitioner is attempting to make a Double Jeopardy argument, it is likewise procedurally defaulted. (ECF No. 1 p. 1.) However, this claim is easily denied on its merits.

"The Double Jeopardy Clause of the Fifth Amendment provides that no person shall 'be subject for the same offense to be twice put in jeopardy of life or limb.'" *United States v. Chorin*, 322 F.3d 274, 281 (3d Cir. 2003) (quoting U.S. Const. amend. V). Petitioner was arrested on March 26, 2022 while he was on his federal supervised release. (Criminal Case ECF No. 34 p. 1.) He ultimately pleaded guilty to third-degree aggravated assault on a domestic violence victim in violation of N.J.S.A. 2C:12-1(b)(12) and received a 364-day sentence. (Criminal Case ECF No. 54 pp. 9, 22.) Petitioner was not punished for this offense again when Judge Hillman imposed the 24-month consecutive VOSR sentence; that sentence was imposed because petitioner violated the terms of his supervised release by committing a crime. This does not offend the Double Jeopardy Clause. *See United States v. Dees*, 467 F.3d 847, 853–54 (3d Cir. 2006); *D'Amario v. United States*, 403 F. Supp. 2d 361, 375 (D.N.J. 2005) ("Petitioner committed three separate offenses (state probation violation, federal felon-in-possession, and threatening a federal judge); received three separate sentences (386 days, 18 months, and 30 months respectively); and received time-served credit against one of those sentences in accordance with 18 U.S.C. § 3585(b). There was no Double Jeopardy violation.") I will deny this claim.

### 3. **Knowing Plea Claim**

Petitioner's final argument is that he would not have pleaded guilty if he had known that his VOSR sentence would run consecutively to his state sentence. (ECF No. 1 p. 2.) As with his other two claims, this claim is procedurally defaulted because it was not raised on direct appeal. *See United*

9

*States v. Garth*, 188 F.3d 99, 106 (3d Cir. 1999) ("[A] defendant may not attack a guilty plea on habeas unless it has first been challenged on direct review.") However, I will deny it on its merits.

Petitioner appears to imply that Judge Hillman and the United States violated an agreement that his VOSR sentence would be served concurrently with his state sentence. (ECF No. 1 p. 2.) He states he "was agreeable to 364 Days to run concurrently" and was "shocked" to have his VOSR sentence be consecutive with a specific instruction that the Bureau was "to 'credit 0 of the first 364 Days[.]" (*Id.*) These allegations are easily belied by the record.

Petitioner did not enter into a plea agreement related to his VOSR sentence. (ECF No. 9–1 p. 7.)[6] Judge Hillman informed petitioner at the change of plea hearing that any sentence imposed could amount to the statutory maximum of 24-months' imprisonment, and petitioner stated that he understood. (Criminal Case ECF No. 54 pp. 15, 16, 17.) Petitioner stated that he had discussed the guidelines provisions that applied to violations of supervised release with O'Malley and understood how they applied. (*Id.* p. 16.) No promises were made that the sentence would be concurrent with the state sentence, (*see* ECF No. 9–5 ¶¶ 7, 8, 11), and Judge Hillman was not bound by any recommendation by the state court that petitioner serve his sentences concurrently. *Beckham v. United States*, 616 F. App'x 53, 55 (3d Cir. 2015) (citing *Barden v. Keohane*, 921 F.2d 476, 478 n. 4 (3d Cir. 1990)). Judge Hillman also did not instruct the Bureau how to apply any credits to the

---

[6] Petitioner did sign a plea agreement when he pleaded guilty to the underlying § 922(g) charge, which stated in relevant part: "Should Elijah Burks be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Elijah Burks may be sentenced to not more than 2 years' imprisonment in addition to any term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release." (Criminal Case ECF No. 17 p. 2.)

sentence, leaving that question for the Bureau "to apply its regulations and the appropriate statutes in computing [petitioner's] release date … ." (Criminal Case ECF No. 59 p. 29.); *see also Blood v. Bledsoe*, 648 F.3d 203, 206 (3d Cir. 2011) ('[D]istrict courts have no authority to credit time toward a sentence under § 3585(b)—that function rests in the sole authority of the [Bureau].")

I find that the record thoroughly refutes petitioner's claim that he was unaware of the potential for a consecutive sentence prior to pleading guilty. Therefore, I will deny this claim.

### C. Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a § 2255 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). I decline to issue a certificate of appealability because jurists of reason would not find it debatable that portions of the 2255 Motion are procedurally defaulted and that petitioner has not made a substantial showing of the denial of a constitutional right.

### IV. CONCLUSION

For the reasons stated above, I will deny the motion to amend and the 2255 Motion. No certificate of appealability shall issue. An appropriate Order accompanies this Opinion.

                                                                    */s/ Edward S. Kiel*
                                                                    EDWARD S. KIEL
                                                                    UNITED STATES DISTRICT JUDGE

Dated: November 8, 2024